**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————

**No. 12-4284**

———————

UNITED STATES OF AMERICA,

              Plaintiff - Appellee,

     v.

GREGORY ELLIOT SNODGRASS, a/k/a Gutta,

              Defendant - Appellant.

———————

Appeal from the United States District Court for the Eastern District of North Carolina, at Raleigh.  James C. Dever III, Chief District Judge.  (5:11-cr-00056-D-1)

———————

Submitted:  January 22, 2013     Decided:  February 11, 2013

———————

Before NIEMEYER, KEENAN, and WYNN, Circuit Judges.

———————

Affirmed by unpublished per curiam opinion.

———————

Byron C. Dunning, Raleigh, North Carolina, for Appellant. Thomas G. Walker, United States Attorney, Jennifer P. May-Parker, Joshua L. Rogers, Assistant United States Attorneys, Raleigh, North Carolina, for Appellee.

———————

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Gregory Elliot Snodgrass appeals the 126-month sentence imposed upon him after he pled guilty to one count of possessing with intent to distribute a quantity of cocaine base, in violation of 21 U.S.C. § 841(a)(1) (2006). Snodgrass attacks his sentence in three ways on appeal, arguing that the district court erred in (1) applying the obstruction of justice enhancement; (2) overruling his objection to the presentence report's drug quantity calculation; and (3) denying him a three-point reduction under the Guidelines for acceptance of responsibility. We have reviewed the record, and we affirm.

We first conclude that the district court did not commit plain error in applying to Snodgrass an enhancement for obstruction of justice. As the application notes clarify, the enhancement applies to a defendant who "threaten[s], intimidat[es], or otherwise unlawfully influenc[es] a co-defendant, witness, or juror, directly or indirectly, or attempt[s] to do so." U.S. Sentencing Guidelines Manual ("USSG") § 3C1.1, cmt. n.4(A) (2011).

In this Court, Snodgrass argues that the district court erred in giving him an enhancement under USSG § 3C1.1 because the individual he threatened was not a "witness." As Snodgrass made no such argument in the district court, his claim is reviewed for plain error. United States v. Lynn, 592 F.3d

2

572, 577 (4th Cir. 2010). But no such error was committed: as the Government points out, the threatened individual witnessed Snodgrass arrive at a residence in order to sell drugs to an undercover officer. Because the threatened individual was a witness to Snodgrass' criminal conduct, Snodgrass merited an enhancement under § 3C1.1.

We likewise conclude that Snodgrass fails in his challenge to the district court's calculations of the drug quantities involved in his offense. In assessing whether a sentencing court correctly applied the Guidelines, the district court's factual findings are reviewed for clear error and its legal conclusions are reviewed de novo. United States v. Osborne, 514 F.3d 377, 387 (4th Cir. 2008). Again, our review of the record reveals that no such error was committed. It was well within the district court's prerogative to credit the testimony of the Government's witness who testified as to the pertinent drug weights. See United States v. Hall, 664 F.3d 456, 462 (4th Cir. 2012). And to the extent that Snodgrass challenges the testimony as attributing drug weights to him over a period of time during which he was incarcerated, the district court properly observed that the drug quantities attributed to Snodgrass for purposes of his Guidelines calculations did not include any drugs purportedly sold during that time period.

Finally, Snodgrass argues that the district court erred in denying him a three-level reduction for acceptance of responsibility under USSG § 3E1.1.  But as Snodgrass recognizes, a § 3E1.1 acceptance of responsibility reduction and a § 3C1.1 obstruction of justice enhancement are usually mutually exclusive, allowing for application of both provisions only in "extraordinary cases."  USSG § 3E1.1, cmt. n.4.  This case does not qualify as such an extraordinary case.  We therefore decline to revisit the district court's decision not to award him a § 3E1.1 reduction for acceptance of responsibility.

Accordingly, we affirm the judgment of the district court.  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this Court and argument would not aid the decisional process.

AFFIRMED